IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30474
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOREA DELENE MCNAMEE BLOUNT, also known as Catheryne Connie
Dayle Delaney,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-50073-ALL
--------------------
October 29, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jorea Delene McNamee Blount appeals her convictions and sentences for conspiracy to commit mail and wire fraud, mail fraud, and wire fraud in violation of 18 U.S.C. §§ 371, 1341, 1343. Finding no error, we affirm.

Blount argues that the indictment against her was defective because it failed to allege the element of materiality with respect to the mail and wire fraud counts. The allegations of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

specific facts contained in the indictment were sufficient to warrant the inference of materiality. See United States v. Richards, 204 F.3d 177, 192 (5th Cir.), cert. denied, 531 U.S. 826 (2000); United States v. McGough, 510 F.2d 598, 603 (5th Cir. 1975). Thus, under either a plain error or a maximum liberality standard of review, Blount has not shown error with respect to the sufficiency of her indictment. See United States v. Cotton, 122 S. Ct. 1781, 1785 (2002); United States v. Guzman-Ocampo, 236 F.3d 233, 236 & n.1 (5th Cir. 2000).

Blount also argues that there was insufficient evidence to support her convictions. She contends that there was no evidence of an agreement to conduct unlawful activity or of an ab initio intent to defraud. However, viewed in the light most favorable to the verdict, there was evidence of involvement by Blount's mother from which a rational jury could have drawn the inference that there was a conspiratorial agreement to commit mail and wire fraud. See United States v. Charroux, 3 F.3d 827, 830-31 (5th Cir. 1993). There was also ample evidence from which a rational jury could have drawn the inference that there was an ab initio intent to defraud. See id.

Blount also asserts that the district court erred in departing upward from the guideline sentencing range and in calculating the loss amount for sentencing purposes. By failing to provide the applicable standard of review or any citation to authority in support of her contentions, Blount has failed

adequately to brief these sentencing issues. <u>See</u> FED. R. APP. P. 28(a)(9)(A) and (B). Thus, Blount's sentencing issues are deemed abandoned. <u>See</u> <u>United States v. Miranda</u>, 248 F.3d 434, 443 (5th Cir.), <u>cert. denied</u>, 122 S. Ct. 410 (2001). <u>See</u> <u>also</u> <u>Cavallini v. State Farm Mut. Auto Ins. Co.</u>, 44 F.3d 256, 260 n.9 (5th Cir. 1995).

**AFFIRMED.**